The administratrix de bonis non of the estate of Ernestine Trombley, deceased, without authorization by the probate court to do so, employed plaintiff, an attorney at law, to render legal services in behalf of the estate on a contingency fee basis of one-third of recovery obtained. The deceased was the widow of August Trombley, and one part of plaintiff's employment was to procure for the estate unpaid sums from the August Trombley estate for widow's allowance. Through plaintiff's endeavors, the sum of $4,725 was so procured, and she claimed a fee of one-third thereof under the agreement. The administratrix paid her $1,000, and plaintiff petitioned *Page 606 
the probate court to allow the remainder, amounting to $575.
The probate court found the $1,000 sufficient compensation. Virginia Trombley Konen, a legatee, took an appeal to the circuit court from the allowance so made, and plaintiff took an appeal to the circuit court from the allowance refused.
In the circuit court plaintiff recovered, under the contract, the full sum she claimed; Mrs. Konen's appeal was dismissed, and she reviews such holdings by appeal.
Plaintiff did not ask the probate court to award her a reasonable fee for her services as an attorney, but sought payment under the contract with the administratrix.
The probate judge refused to validate the contingent fee contract but, considering that plaintiff had received $1,000 from the administratrix, adjudged that sum sufficient payment for services rendered.
The administratrix was without power to make the contingent fee contract and the probate judge was not in error in refusing to ratify it. The circuit court was in error in awarding plaintiff compensation under the contract.
Mrs. Konen contested the award, made to plaintiff in the probate and circuit courts, claiming that the contingency contract was a nullity, and that plaintiff did not establish, by evidence, the fee awarded her in the probate court.
The evidence on this subject was conflicting, and we are not inclined to disturb the award made in the probate court. That court, in fixing the fee, could consider not only the time spent by the attorney but as well the beneficial results obtained by her professional efforts. It is true that plaintiff insisted *Page 607 
upon recovery under the contract but, inasmuch as Mrs. Konen presented the issue of proper compensation, that matter was before the court and is here under the appeal.
The circuit judge was of opinion that the probate judge, in allowing the $1,000 to plaintiff, "inferentially approved the contingent agreement," and in denying the motion for a new trial, stated:
"I am still of the opinion, however, that there was no other basis before the probate court upon which to award the figure of $1,000, if it was not for this contingent contract, because there was no evidence of the value of the services, as I perceive it, from the transcript now in my hands. These fees were to be awarded either on the basis of the value of them as rendered to the administratrix, or on the basis of the contingent fee contract, and while the probate court specifically stated that he would not allow more than $1,000, it is apparent that the only basis for this allowance was upon the contract entered into between the administratrix and the attorney."
The mentioned transcript shows that the parties appeared in the probate court on the 17th day of December, 1935, and the court inquired:
"You have not any more testimony here?
"Mr. Paul (attorney for plaintiff): No testimony * * *
"Mr. Cashen (attorney for Mrs. Konen):
"But the court has to decide for himself. If there is not a contingent contract there should be some testimony to give him an idea what the fee should be. In the event you don't agree that a contingent contract be binding, you should have some testimony to give you that idea. We have all of the testimony I think that gives you an idea what has been done in this matter by the attorney. *Page 608 
"The Court: I think Mrs. Zechlin might offer some more, but I think on what she has offered we have enough. * * *
"Mr. Paul: She recovers nothing for the work already done in the other matter. That situation serves to illustrate the benefit to the estate in entering into a contingent arrangement. I dare say that the work she has done would justify the fee in this matter as well as work in the other matters. I don't know. It may justify it.
"The Court: I cannot, and in view of the record of the court here, and in view of what she had to check over, I think this, that she could determine quite well just where she was headed for, but there is no doubt but what she was entitled to somewhat of a contingency, but in reference to her fee I feel that she has been amply paid, and I will so enter the order allowing her the fee she has been paid, but I wouldn't go any higher than that.
"Mr. Cashen: That is $1,000?
"The Court: Yes, but I will not go any higher than that."
We do not think that this constituted approval of the contingency fee contract.
The circuit judge was strongly of the opinion that the contract, in order to be valid, required approval of the probate court, but found such approval as before mentioned.
We do not find such approval, but rather express refusal to accept the terms thereof.
We find in the record a granted petition by the administratrix for leave to employ counsel, but that was not authority to enter into the contingency fee contract. Under that authority the administratrix could employ needed counsel, leaving compensation for legal services to be adjusted by the probate court. *Page 609 
The judgment in the circuit court is reversed, and the cause remanded to the circuit court with direction to enter judgment affirming the order of the probate court.
Neither party will recover costs.
BUTZEL, BUSHNELL, SHARPE, POTTER, NORTH, and McALLISTER, JJ., concurred. CHANDLER, J., did not sit.